**YOU YIN PAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–2005–ag.

United States Court of Appeals, Second Circuit.

Feb. 21, 2008.

Thomas V. Massucci, New York, New York, for Petitioner.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Angela N. Liang, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner You Yin Pan, a native and citizen of the People's Republic of China, seeks review of an April 17, 2007 order of the BIA affirming the August 31, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying Pan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re You Yin Pan,* No. A79 425 325 (B.I.A. Apr. 17, 2007), *aff'g* No. A79 425 325 (Immig. Ct. N.Y. City Aug. 31, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ As an initial matter, Pan argues that BIA improperly engaged in fact-finding, in violation of 8 C.F.R. § 1003.1(d)(3)(iv), by finding, in the first instance, that he did not have a well-founded fear of persecution. We find that argument to be without merit. Section 8 C.F.R. § 1003.1(d)(3)(iv) provides that "[e]xcept for taking administrative notice of commonly known facts such as current events or the contents of official documents, the Board will not engage in fact-finding in the course of deciding appeals." However, the BIA does not overstep its authority if "it base[s] its decision on facts already in the record." *Xian Tuan Ye v. DHS,* 446 F.3d 289, 296 (2d Cir.2006); *see also Belortaja v. Gonzales,* 484 F.3d 619, 624 (2d Cir.2007). Here, the BIA properly "based its decision on facts already in the record." *Xian Tuan Ye,* 446 F.3d at 296. Specifically, like the IJ, the BIA found that Pan did not establish a well-founded fear of persecution in China, "inasmuch as [Pan] testified that the Chinese government no longer continues to look for him." Indeed, Pan has not pointed to any portion of the BIA's decision in which it relied on facts that were not found by the IJ. *See Xian Tuan Ye,* 446 F.3d at 296. Accordingly, the BIA did not engage in impermissible fact-finding. Rather, it reviewed *de novo* the IJ's legal conclusion that, even assuming credibility, Pan did not carry his burden in demonstrating a well-founded fear of persecution. Such a finding is entirely within the permissible scope of the BIA's review. *See* 8 C.F.R. § 1003.1(d)(3)(ii)("The Board may review questions of law, discretion, and judgment

and all other issues in appeals from decisions of immigration judges *de novo.*").

Furthermore, substantial evidence supports the BIA's finding that Pan did not demonstrate a well-founded fear of persecution. *See* 8 U.S.C. § 1252(b)(4)(B). Pan concedes that he did not suffer past persecutions in his brief. Moreover, as the BIA noted, Pan conceded that he had no involvement with Falun Gong. He also conceded that Chinese authorities are no longer looking for him. In short, Pan has not presented any evidence that indicates he has an objectively reasonable fear of persecution on account of his Falun Gong-related activities. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Thus, the agency properly denied Pan's application for asylum.

To the extent Pan argues that the agency failed to assess his claim that he fears persecution on account of the Chinese government's pattern and practice of persecution against similarly situated individuals, we decline to consider that unexhausted argument. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 124 (2d Cir.2007). Contrary to Pan's assertion that such argument is subsidiary to his broader argument regarding his well-founded fear of persecution, and thus properly exhausted under *Gill v. INS,* 420 F.3d 82, 85–86 (2d Cir.2005), we find it to be an issue requiring exhaustion under *Lin Zhong,* 480 F.3d at 124. Indeed, an asylum applicant could establish eligibility for asylum pursuant to 8 C.F.R. § 1208.13(b)(2)(iii), without showing either past persecution or an individualized well-founded fear of future persecution, by demonstrating that there is a "pattern or practice" of persecution of a group of people similarly situated to the asylum applicant in the applicant's home country. Thus, because Pan's asylum claim could potentially rise or fall solely by demonstrating such a pattern or practice, it necessarily follows that his eligibility for asylum under this regulation is not a "specific, subsidiary legal argument" of his well-founded fear argument. *Gill,* 420 F.3d at 85–86; *see also Steevenez v. Gonzales,* 476 F.3d 114, 117–118 (2d Cir.2007)

Because Pan was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir. 1991). Finally, because Pan failed to challenge the denial of his CAT claim in his brief to this Court, we deem that claim waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).